STATE OF NORTH CAROLINA v. MITCHELL GIBBARD KALEY

No. 948SC142

(Filed 20 December 1994)

**Homicide § 583 (NCI4th)— decedent killed by vehicle in which defendant passenger—no evidence of acting in concert**

The trial court erred in instructing the jury that it could find defendant guilty of involuntary manslaughter on the theory of acting in concert where the evidence tended to show that deceased was leaning into the passenger side of a vehicle where defendant was sitting; the vehicle accelerated and eventually ran over decedent; but there was no evidence that the driver began to drive away pursuant to any plan or purpose with defendant and no evidence that defendant actively participated in the encounter so as to support an inference of a common plan or purpose.

**Am Jur 2d, Homicide § 507.**

Judge COZORT dissenting.

Appeal by defendant from judgment and commitment entered 16 April 1993 by Judge Paul M. Wright in Wayne County Superior Court. Heard in the Court of Appeals 24 October 1994.

*Attorney General Michael F. Easley, by Assistant Attorney General Ranee S. Sandy, for the State.*

*Barnes, Braswell & Haithcock, P.A., by Glenn A. Barfield, for defendant-appellant.*

LEWIS, Judge.

Defendant was convicted by a jury of involuntary manslaughter. The trial court sentenced defendant to seven years imprisonment. From the judgment and commitment, defendant appeals.

The evidence at trial tended to show that on 6 June 1992 between 6:30 and 6:45 p.m., Dorothy Wynn was in her parked car on Pine Street near the intersection of Pine and James Streets in Goldsboro. Wynn's car was facing away from the intersection. Wynn was familiar with the decedent, Evelyn Parks, and, before getting into her car,

STATE v. KALEY

[117 N.C. App. 420 (1994)]

noticed Parks standing at the intersection. Before starting her car, Wynn looked in her left side mirror and saw a white Pontiac pull up to the intersection in Wynn's lane. Defendant was seated in the passenger seat of the Pontiac. Defendant and the driver had come to the intersection to purchase crack cocaine. Defendant waived to Parks, and Parks approached the Pontiac. The driver was holding a twenty-dollar bill in his hand. Parks lunged through the open passenger's window in an attempt to grab the money. The driver then immediately began to drive away with Parks still partly in the car. At this point, defendant's statement to the police and Wynn's testimony differ. Defendant told the police that when the driver accelerated, the door post caught Parks under the arm, causing her to spin and fall out of the car. She then fell underneath the car and was run over. Wynn testified that once the Pontiac began moving, she turned around in her seat to see the car. She testified that Parks, while either holding onto defendant or being held onto by defendant, began to walk or trot along side of the car, and then began to run as the car sped up, eventually falling and being run over. Wynn was not certain as to who held onto whom.

After the Pontiac had run over Parks, the driver did not stop. Defendant told the police that he told the driver to stop but that the driver refused. Wynn followed the Pontiac and recorded the tag number.

Defendant's first argument on appeal is that the trial court erred in instructing the jury that it could find defendant guilty of involuntary manslaughter on the theory of acting in concert. Because there was insufficient evidence to support the trial court's instruction on acting in concert, we agree.

The theory of acting in concert has been stated as follows:

It is not . . . necessary for a defendant to do any particular act constituting at least part of a crime in order to be convicted of that crime under the concerted action principle so long as he is present at the scene of the crime and the evidence is sufficient to show he is acting together with another who does the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime.

*State v. Joyner*, 297 N.C. 349, 357, 255 S.E.2d 390, 395 (1979).

In the case at hand, the trial court instructed the jury on acting in concert as follows:

> For a person to be guilty of a crime it is not necessary that he himself do all of the acts necessary to constitute the crime. If two or more persons act together for a common purpose to commit the crime of murder or voluntary manslaughter or involuntary manslaughter, then each of them is held responsible under the law for the acts of the others done in the commission of the crime of murder or voluntary manslaughter or involuntary manslaughter.

We conclude, however, that there was no evidence that defendant and the driver acted pursuant to a common plan or purpose to commit the crime of involuntary manslaughter. The evidence did clearly show that the driver began to drive off with Parks still partly in the car. The evidence did not show, however, that the driver did so pursuant to any plan or purpose with defendant. Wynn, the only eyewitness to testify, was unsure whether Parks was holding onto defendant or defendant was holding onto Parks. Similarly, she did not know whether Parks let go of defendant or defendant let go of Parks. Thus, there was no evidence that defendant actively participated in the encounter so as to support an inference of a common plan or purpose. Nor was there any direct evidence of a common plan or purpose. We conclude that the evidence was not sufficient to show a common plan or purpose to harm or kill Ms. Parks.

We note that *State v. Joyner* provides that a defendant is guilty of not only the planned crime, but of any crime committed by the other person in pursuance of the common plan or purpose, or as a natural or probable consequence thereof. 297 N.C. at 357-58, 255 S.E.2d at 396. The dissent argues that there was a common plan or purpose to commit the crime of purchasing crack cocaine and that the involuntary manslaughter was a natural or probable consequence of that crime. However, the trial court did not instruct the jury based on that theory. The instructions made no reference whatsoever to any crimes other than murder, voluntary manslaughter, and involuntary manslaughter. Further, defendant was not even charged with a drug-related crime. As stated above, there was insufficient evidence to support the instruction given.

It is generally prejudicial error for the trial court to instruct the jury upon a theory of a defendant's guilt which is not supported by the evidence. *State v. Brown*, 80 N.C. App. 307, 311, 342 S.E.2d 42, 44

STATE v. KALEY

[117 N.C. App. 420 (1994)]

(1986). There being no evidence to support the instruction on acting in concert, defendant must receive a new trial. *See id.* In light of our decision, we deem it unnecessary to address defendant's remaining assignments of error.

For the reasons stated, defendant must have a new trial.

New trial.

Chief Judge ARNOLD concurs.

Judge COZORT dissents.

Judge COZORT dissenting.

The standard for acting in concert was set forth by our Supreme Court in *State v. Joyner*, 297 N.C. 349, 255 S.E.2d 390 (1979):

"[I]f 'two persons join in a purpose to commit a crime, each of them, if actually or constructively present, is not only guilty as a principal if the other commits that particular crime committed by the other in pursuance of the common purpose . . . or *as a natural or probable consequence thereof.*' "

*Id.* at 357-58, 255 S.E.2d at 396 (quoting *State v. Westbrook*, 279 N.C. 18, 41-42, 181 S.E.2d 572, 586 (1971)), *death penalty vacated*, 408 U.S. 939, 33 L.Ed.2d 761 (1972) (emphasis added). The question in the present case is whether involuntary manslaughter is a natural or probable consequence of an attempt to purchase crack cocaine.

Defendant should have been aware of the risks inherent in a "drive-up" purchase of illegal drugs. Death is a natural and sometimes probable consequence of an attempt to purchase drugs on the street. Defendant was engaged in attempting to purchase drugs, and it was proper for the trial court to instruct the jury that it could find him guilty of involuntary manslaughter through acting in concert. Our courts have held that a defendant is responsible when a death occurs during the commission of an armed robbery in which he acts in concert. *See State v. Miller*, 315 N.C. 773, 340 S.E.2d 290 (1986); *State v. Miller*, 69 N.C. App. 392, 317 S.E.2d 84 (1984); *State v. Barnett*, 307 N.C. 608, 300 S.E.2d 340 (1983). The same standard should apply when a death occurs during the commission of an attempted drug purchase. Because the trial court properly applied this standard, I respectfully dissent from the majority's opinion holding it was error to instruct on acting in concert.