STATE OF NORTH CAROLINA v. MITCHELL GIBBARD KALEY

No. 38A95

(Filed 4 April 1996)

1. **Homicide § 583 (NCI4th)— involuntary manslaughter— acting in concert—victim outside car reaching in—holding onto victim and driving away**

   The trial court did not err by charging the jury on acting in concert in a second-degree murder trial which resulted in an involuntary manslaughter conviction where defendant went with another man to buy crack cocaine with the other man driving and defendant in the passenger seat; a witness testified that the automobile pulled to the curb; the victim went to the vehicle on the passenger side and leaned in; defendant held the victim by the hand and the automobile picked up speed; the victim ran or was dragged until she fell and the automobile ran over her; the victim died as a result of being hit by the automobile; and the Court of Appeals held that it was error for the court to charge the jury on acting in concert because there was no evidence the two men were acting together pursuant to a common plan which caused the victim's death. Involuntary manslaughter can be based on culpable negligence, which in this case was allowing the automobile to move while the victim was being held, there was evidence from which the jury could find that defendant held the victim while the driver drove away, and there was evidence in the circumstances in which the incident occurred that the two men were engaged in a common plan.

   **Am Jur 2d, Homicide §§ 29, 30.**

   **Who other than actor is liable for manslaughter. 95 ALR2d 175.**

2. **Appeal and Error § 22 (NCI4th)— appeal by State to Supreme Court on dissent—limits of argument**

   In an appeal by the State to the Supreme Court based on a dissent in the Court of Appeals which concluded that the defendant acted with another person to purchase crack cocaine and that this was evidence of acting in concert which caused the resulting death of the victim, who was leaning into the car as it drove away, the State is not limited to arguing the reasons in the dissent as to why there was evidence to support the charge. The dissent was

based on the premise that there was evidence to support a charge of acting in concert and the State can argue in the Supreme Court any evidence that supports this premise.

**Am Jur 2d, Appellate Review § 697.**

Appeal by the State pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 117 N.C. App. 420, 451 S.E.2d 6 (1994), finding error in a trial that resulted in a conviction of the defendant with a sentence imposed by Wright, J., on 16 April 1993 in Superior Court, Wayne County. Heard in the Supreme Court 16 November 1995.

The defendant was tried for second-degree murder. The evidence in the light most favorable to the State showed that on 6 June 1990, the defendant went with another man to an area of Goldsboro for the purpose of buying crack cocaine. The other person was driving an automobile, and the defendant occupied the front passenger seat.

A witness testified that she saw the automobile in which the defendant was riding pull over to the curb and stop. She saw someone in the automobile motion to Evelyn Parks, who went to the vehicle on the passenger side. She saw Ms. Parks lean into the automobile and saw it start moving while the defendant held Ms. Parks by the hand. The automobile picked up speed. Ms. Parks was running or was dragged beside the vehicle until she fell and the automobile ran over her. The witness did not "know if they turned her loose or what but she fell." Evelyn Parks died as a result of being hit by the automobile.

An investigating officer said the defendant made the following statement to him:

On May the 6, 1992, Saturday, I was with Clark Sharp. We had been together that day since about 10:30 a.m. We had both been drinking. I was pretty well drunk. Clark was driving his white Pontiac. During this time I was with him and Clark and I wanted to get some crack cocaine. We went to his house and got twenty dollars from his wife. Clark drove down to the Block, James and Pine. When we got to James and Pine Street, Clark stopped the car on Pine Street. Clark had the twenty dollar bill in his hand. My window was down. A black female came up to the car. She came up to my side, to my side. My window was down. She kind of dove in the car. The top part of her body was in the car. Her hands touched me as she was trying to get the money. I pushed her

hands away from me and Clark took off. Clark gave the car right much gas. The door post caught her up under the arm on the side causing her to spin, turn like out of the car. She then fell underneath the right passenger wheel. I heard a thump and I felt the car raise up. I looked back and saw her on the ground. I told Clark to stop but he kept going because there was so many black people around.

The jury found the defendant guilty of involuntary manslaughter, and Judge Wright sentenced him to seven years in prison. The Court of Appeals, with one judge dissenting, awarded the defendant a new trial. The State appealed to this Court.

*Michael F. Easley, Attorney General, by Ranee S. Sandy, and H. Alan Pell, Assistant Attorneys General, for the State-appellant.*

*Glenn A. Barfield for defendant-appellee.*

WEBB, Justice.

[1] The defendant contends and the Court of Appeals held that it was error for the court to charge the jury on acting in concert because there was no evidence the defendant and Sharp were acting together pursuant to a common plan which caused the death of Ms. Parks. We note at the outset that it is not necessary for a person to intend to kill in order to be guilty of involuntary manslaughter. Involuntary manslaughter can be based on culpable negligence. *State v. Everhart,* 291 N.C. 700, 702, 231 S.E.2d 604, 606 (1977). If two persons act together in a culpably negligent way and the culpable negligence proximately causes the death of a person, the two persons would be guilty of involuntary manslaughter. *State v. Robinson,* 83 N.C. App. 146, 349 S.E.2d 317 (1986).

The question posed by this appeal is whether there is sufficient evidence from which the jury could conclude the defendant acted together with the driver of the automobile in a culpably negligent way which proximately caused the death of Ms. Parks. We believe there is such evidence. We start with the premise that a person intends the consequences of his acts.

The culpable negligence in this case was allowing the automobile to move while Ms. Parks was being held. There was evidence from which the jury could find the defendant held Ms. Parks while the driver of the automobile drove away from the curb. Each of the two men did something which caused the death.

STATE v. KALEY

[343 N.C. 107 (1996)]

The evidence from which the jury could conclude that the men were engaged in a common plan is found from the circumstances in which the incident occurred. The two men had gone to the neighborhood to buy crack cocaine. When Ms. Parks approached the vehicle which they occupied, it is reasonable to conclude it was to sell them cocaine. When she reached into the automobile in an attempt to get the money, it is reasonable to conclude she had not been paid for the crack cocaine. When the two men drove away without paying for the cocaine, it can be concluded that they planned to drive away without paying for the drugs. To drive away when a person is standing next to the automobile in such close proximity that the automobile may hit or catch and drag her can be found to be culpable negligence. This evidence supported the court's charge on involuntary manslaughter.

[2] The defendant argues that Rule 16(b) of the North Carolina Rules of Appellate Procedure limits the State's right of appeal to the matters which are the basis of the dissent in the Court of Appeals. The dissent says that "[d]eath is a natural and sometimes probable consequence of an attempt to purchase drugs on the street." *State v. Kaley*, 117 N.C. App. 420, 423, 451 S.E.2d 6, 9 (1994). The dissent concludes that the defendant acted with another person to purchase crack cocaine and that this was evidence of acting in concert which caused the resulting death. The defendant contends the State is limited on appeal to arguing that the attempted purchase of the cocaine was the concerted action which would support the charge.

We do not believe Rule 16(b) should be interpreted so narrowly. The dissent was based on the premise that there was evidence to support a charge of acting in concert. The State can argue in this Court any evidence that supports this premise. It is not limited to arguing the reasons in the dissent as to why there was evidence to support the charge.

We reverse the Court of Appeals on the issue upon which it decided the case. The defendant brought forward two assignments of error which the Court of Appeals did not reach in light of its disposition of the matter. We remand the case to the Court of Appeals for the consideration of these two assignments of error.

REVERSED AND REMANDED.