State v. Harrington

STATE OF NORTH CAROLINA v. JOHN LOUIS HARRINGTON

No. 728SC567

(Filed 2 August 1972)

1. Criminal Law § 23; Indictment and Warrant § 9— guilty plea — claim that indictment is insufficient

Defendant is not precluded by his plea of guilty from claiming that the facts alleged in the indictment do not constitute a crime.

2. Burglary and Unlawful Breakings § 3— breaking and entering motor vehicle — indictment — ownership of vehicle

An indictment charging the offense of breaking and entering a motor vehicle containing things of value with intent to commit larceny therein need not allege the technical ownership of the vehicle, it being

State v. Harrington

sufficient to allege the ownership of the property contained in the vehicle and that the vehicle was in the possession of a specified person. G.S. 14-56.

APPEAL by defendant from *Cowper, Judge,* 28 February 1972 Session of Superior Court held in WAYNE County.

Defendant was charged in a bill of indictment with breaking and entering a motor vehicle containing goods, wares, and other things of value with intent to commit larceny therein. G.S. 14-56. Defendant was represented by counsel and tendered a plea of guilty which, upon competent evidence, was found by the trial judge to have been freely and voluntarily tendered. The plea of guilty was thereupon ordered to be entered in the record.

Judgment was entered imposing an active prison sentence of not less than four nor more than five years. Defendant appealed.

*Attorney General Morgan by Associate Attorney Reed for the State.*

*Cecil P. Merritt for the defendant.*

BROCK, Judge.

Defendant's argument is, in effect, a motion to quash the indictment and arrest judgment. He argues that the bill of indictment does not allege facts sufficient to constitute a criminal offense.

[1] The bill of indictment describes the motor vehicle in detail as "a 1969 Oldsmobile, 4-door Sedan, Aztec Gold in color, Serial No. 364699 D136524, N. C. Motor Vehicle Registration No. HF-3400, in the possesion of one Durwood Emmett Stroud . . . . " It is defendant's argument that the failure to allege technical ownership of the motor vehicle constitutes a fatal defect. Defendant is not precluded by his plea of guilty from claiming that the facts alleged in the indictment do not constitute a crime under the laws of this State. *State v. Elliott,* 269 N.C. 683, 153 S.E. 2d 330.

[2] Defendant argues that technical ownership of the motor vehicle must be alleged in order to negate ownership in the defendant, because defendant could not be guilty of the offense

if he broke and entered his own vehicle. However, the gravamen of the offense with which defendant is charged is the breaking and entering with *intent to commit larceny*. The bill of indictment in this case specifically lays the ownership of the property contained in the motor vehicle in Durwood Emmett Stroud. It thereby clearly negates the possibility of defendant breaking and entering the vehicle to steal his own property.

The motor vehicle involved is described in detail and its possession is alleged to be in Durwood Emmett Stroud. The technical ownership of the vehicle broken into is immaterial.

No error.

Judges MORRIS and HEDRICK concur.