STATE OF NORTH CAROLINA v. CHARLES FRANKLIN McCULLOUGH

No. 8025SC567

(Filed 16 December 1980)

1. **Constitutional Law § 30— trial involving other defendants — motion for free transcript properly denied**

The trial court did not err in denying defendant's motion for a free transcript of a previous and separate trial in which two men arrested with him and tried on the same charges were acquitted by a jury, since there was no compelling evidence of the need for the transcript and no showing that no alternative means existed for obtaining such information.

2. **Criminal Law § 33— third persons arrested with defendant — evidence of acquittal inadmissible**

Evidence of the acquittal of third persons arrested with defendant for the

State v. McCullough

crimes charged was not relevant evidence at defendant's trial.

**3. Criminal Law § 66.9— identification of defendant from photographic display — no impermissibly suggestive procedure**

   In a prosecution of defendant for uttering a forged check, the trial court properly admitted a bank teller's identification of defendant from a photographic display, since the procedure was not so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification; at the time of the crimes defendant was within arm's length of the teller; the teller recognized defendant from his prior visits to the bank; and she picked defendant and another man out of eight photographs presented to her by the police officer and testified that the officer's comments following her identification had no effect on the identification.

APPEAL by defendant from *Jolly, Judge*. Judgment entered 30 January 1980 in Superior Court, CATAWBA County. Heard in the Court of Appeals 17 October 1980.

Defendant pled not guilty to charges of breaking and entering, larceny and uttering a forged check. The evidence at trial was undisputed that defendant at one time worked for Norris Wood Products, Inc. but was terminated prior to 8 June 1979. The evidence further showed that the office of Norris Wood Products was broken into on 8 June 1979 and that along with other articles taken from the office, several blank checks were removed from a business checkbook. The State's evidence tended to show that defendant, under the name of Jerry Lewis, cashed one of the checks taken from the Norris Wood Products office. The defendant was identified by a bank teller in a photographic display and arrested along with two other suspects. The vehicle in which defendant and the others were riding at the time of their arrest was searched pursuant to a warrant, and evidence of the crime was found.

The jury found the defendant guilty of larceny and uttering a forged check, but not guilty of breaking and entering. Defendant's motion to set aside the jury verdict as to the larceny charge was granted and defendant was sentenced to 3 to 5 years in prison for the offense of uttering a forged check, from which judgment defendant appeals.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General James C. Gulick, for the State.*

*Tate, Young and Morphis, by Thomas C. Morphis, for defendant appellant.*

ARNOLD, Judge.

**[1]**   Defendant challenges the denial of his pretrial motion requesting a free transcript of a previous and separate trial in which two men arrested with him and tried on the same charges were acquitted by a jury. The defendant contends his indigency prevented him from obtaining the transcript which he argues "would have been invaluable" in his defense. Defendant cites *Britt v. North Carolina,* 404 U.S. 226, 30 L.Ed. 2d 400, 92 S.Ct. 431 (1971), and *State v. McAllister,* 287 N.C. 178, 214 S.E. 2d 75 (1975), as authority for the proposition that he should have been allowed a copy of the transcript.

In neither case cited by defendant was the indigent defendant allowed a free transcript. The Court in *Britt* outlined the history of indigent defendants' rights to a transcript.

> *Griffin v. Illinois* and its progeny establish the principle that the State must, as a matter of equal protection, provide indigent prisoners with the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners. While the outer limits of that principle are not clear, there can be no doubt that the State must provide an indigent defendant with a transcript of *prior proceedings* when that transcript is needed for an effective defense or appeal. . . .

> In prior cases involving an indigent defendant's claim of right to a free transcript, this Court has identified two factors that are relevant to the determination of need: (1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript.

(Emphasis added) 404 U.S. at 227, 30 L.Ed. 2d at 403, 404, 92 S.Ct. at 435. In denying that defendant Britt's rights were violated, the Court based the decision on the availability of an alternative to a transcript, *i.e.,* an informal request by defense counsel that the court reporter, who was a "good friend of all the local lawyers and was reporting the second trial," read back to counsel his notes of the mistrial. 404 U.S. at 229, 30 L.Ed. 2d at 405, 92 S.Ct. at 434, 435.

The Court rejected the suggestion that the defendant must make a showing of "particularized need" to be entitled to the transcript,

stating:

> We agree with the dissenters that there would be serious doubts about the decision below if it rested on petitioner's failure to specify how the transcript might have been useful to him. Our cases have consistently recognized the value to a defendant of a transcript of prior proceedings, without requiring a showing of need tailored to the facts of the particular case. As Mr. Justice Douglas makes clear, even in the absence of specific allegations it can ordinarily be assumed that a transcript of a prior mistrial would be valuable to the defendant in at least two ways: as a discovery device in preparation for trial, and as a tool at the trial itself for the impeachment of prosecution witnesses.

404 U.S. at 228, 30 L.Ed. 2d at 404, 92 S.Ct. at 434.

*McAllister* involved the trial of a defendant charged with three counts of forgery and uttering a forged instrument. Two of the counts were consolidated for trial and defendant requested a free transcript of the trial on the other count which ended in nonsuit. The Supreme Court agreed that defendant was not entitled to the transcript since "the transcript requested was one of a separate and distinct proceeding rather than a prior proceeding in the present case, and defendant's attorney did not take advantage of any other formal or informal alternative methods for discovering the information sought. . . ." *State v. McAllister,* 287 N.C. at 182, 214 S.E. 2d at 80.

As in *McAllister,* defendant in this case seeks a transcript of a separate and distinct proceeding with a different jury and different defendants. Defense counsel suggested the transcript was needed to "see what worked" in the trial of other defendants who were acquitted. We see no support for defendant's contentions that denial of the transcript was a violation of due process and equal protection rights. In the absence of compelling evidence of the need for a transcript of a separate proceeding to afford defendant adequate tools for his defense, and no alternative means of obtaining such information, the State should not be required to furnish such a transcript.

[2]    Defendant also assigns as error the denial of his motion to dismiss on the grounds that his co-defendants were acquitted at a separate trial, and the court's limitation of questioning directed to the co-defendants concerning the outcome of their trial. His assertions are

untenable. Breaking and entering, larceny and uttering a forged check are offenses that require only one perpetrator. Therefore, the acquittal of third persons arrested with the accused for the crime is not relevant evidence at defendant's trial. 22A C.J.S. *Criminal Law* § 622 (1961).

[3] We also hold that the trial judge properly admitted the bank teller's identification of the defendant from a photographic display since the procedure was not so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification. *See, State v. Knight,* 282 N.C. 220, 192 S.E. 2d 283 (1972). The witness testified that she was not wearing her glasses when the defendant was in the bank, but that he was within arm's length of her, and she recognized him from his prior visits to the bank. She picked the defendant and another man out of eight photographs presented to her by the police officer and testified that the officer's comments following her identification had no effect on the identification.

Defendant's remaining assignments of error have been carefully reviewed. We conclude that they fail to show any prejudicial error.

No error.

Chief Judge MORRIS and Judge HILL concur.