STATE OF NORTH CAROLINA v. JAMES McKINLEY DURHAM

No. 8421SC516

(Filed 16 April 1985)

1. **Criminal Law § 104— sufficiency of evidence to support entry of judgment—all evidence considered**

   Where defendant challenged the sufficiency of the evidence to support the entry of judgment, G.S. 15A-1227(d) (1983) indicates that the reviewing court

must consider the defendant's evidence as well as the State's in determining the question of sufficiency.

2. **Larceny § 7.4; Burglary and Unlawful Breakings § 5.4— breaking and entering of automobile — larceny — evidence sufficient**

    The State's evidence was sufficient to submit charges of breaking and entering a motor vehicle and nonfelonious larceny to the jury and to support the judgment even though defendant was never placed at the scene of the crime where golf clubs were stolen on 27 July 1983 between 8:00 a.m., when the owner left his locked car, and noon, when defendant pawned his clubs, and defendant admitted possessing the clubs and pawning them that day.

3. **Constitutional Law § 48— defendant not denied effective assistance of counsel**

    Defendant was not deprived of the effective assistance of counsel where his counsel objected only once at trial, failed to produce witnesses, and failed to move for a dismissal because there was no showing that counsel's errors, if any, were so serious as to deprive defendant of a fair trial.

APPEAL by defendant from *Seay, Judge.* Judgment entered 19 January 1984 in Superior Court, FORSYTH County. Heard in the Court of Appeals 6 February 1985.

*Attorney General Lacy Thornburg, by Assistant Attorney General Francis W. Crawley for the State.*

*Laurel O. Boyles for defendant appellant.*

BECTON, Judge.

Defendant appeals from his convictions for breaking and entering a motor vehicle and non-felonious larceny. The charges stemmed from the events of 27 July 1983, when someone smashed the right front window of a locked car and stole a set of golf clubs sometime between 8:00 a.m. and noon. At trial the State introduced evidence suggesting that defendant was the person who pawned the golf clubs around noon the same day at the local pawn shop. When initially questioned by the police, defendant admitted that he pawned the clubs for an unidentified man who paid him $10 for his services. Afterwards, the defendant gave the unidentified man a ride to defendant's neighborhood. Defendant was given several days to produce this person but failed to do so. Defendant offered no evidence at trial.

I

Only two assignments of error have been brought forward for our consideration: (1) the insufficiency of the evidence to sup-

port the judgment and sentence, and (2) the denial of effective assistance of counsel. Both are without merit.

II

[1] Defendant challenges the sufficiency of the evidence to support the entry of judgment. N.C. Gen. Stat. Sec. 15A-1227(d) (1983) provides that "[t]he sufficiency of all evidence introduced in a criminal case is reviewable on appeal. . . ." The phrase "all evidence" indicates that the reviewing court must consider the defendant's evidence as well as the State's in determining the question of sufficiency. Defendant presented no evidence.

[2] Although defendant was never actually placed at the scene of the crime, the trial court did not err in submitting the case to the jury. The State's evidence of defendant's possession of recently stolen goods was sufficient for the jury to infer the defendant's guilt. The doctrine of possession of recently stolen goods comes into play only when " ' "the possession is of a kind which manifests that the stolen goods came to the possessor by his own act or with his undoubted concurrence" . . ., and so recently and under such circumstances as to give reasonable assurance that such possession could not have been obtained unless the holder was himself the thief.' " *State v. McKay*, 32 N.C. App. 61, 66-67, 231 S.E. 2d 22, 25 (1977) (citation omitted) (quoting *State v. Weinstein*, 224 N.C. 645, 650, 31 S.E. 2d 920, 924 (1944), *cert. denied*, 324 U.S. 849, 89 L.Ed. 1410, 65 S.Ct. 689 (1945) ). A minimal lapse of time between the theft and the possession is a crucial prerequisite. "The possession, in point of time, should be so close to the theft as to render it unlikely that the possessor could have acquired the property honestly." *State v. Jackson*, 274 N.C. 594, 597, 164 S.E. 2d 369, 370 (1968) (few minute time lapse — doctrine applicable). The inference of guilt derived from the possession of stolen goods fades with the lengthening time interval. *Id.* See *State v. Raynes*, 272 N.C. 488, 158 S.E. 2d 351 (1968) (Saturday afternoon to Sunday morning — doctrine applicable); *State v. Holbrook*, 223 N.C. 622, 27 S.E. 2d 725 (1943) (eleven days — doctrine inapplicable); *State v. McKay* (one to two days — doctrine applicable).

Here the golf clubs were stolen on 27 July 1983 between 8:00 a.m., when the owner left his locked car, and noon, when defendant pawned the clubs. Defendant admitted possessing the clubs

and pawning them that same day. This evidence clearly gives rise to the inference that defendant was the thief and stole the clubs by breaking and entering the car. The State's evidence was sufficient to go to the jury and to support the judgment.

### III

[3] The effective assistance of counsel in a criminal trial is guaranteed by the Sixth Amendment to the United States Constitution and made applicable to the states by the Fourteenth Amendment, and by Article I, Sections 19 and 23 of the North Carolina Constitution. To successfully attack his conviction on this basis, a defendant must show that "his counsel's conduct fell below an objective standard of reasonableness." *State v. Braswell*, 312 N.C. 553, 561-2, 324 S.E. 2d 241, 248 (1984) (quoting *Strickland v. Washington*, --- U.S. ---, ---, 80 L.Ed. 2d 674, 693, 104 S.Ct. 2052 (1984)). In *Strickland*, the United States Supreme Court set forth a two-part test to be applied in interpreting the range of competence standard established in *McMann v. Richardson*, 397 U.S. 759, 25 L.Ed. 2d 763, 90 S.Ct. 1441 (1970).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

--- U.S. at ---, 80 L.Ed. 2d at 693, 104 S.Ct. at ---. The *Braswell* Court expressly adopted the *Strickland* test as the uniform standard to be applied under the North Carolina Constitution as well as the United States Constitution to determine the ineffective assistance of counsel.

Under the *Strickland* test, defendant has failed to demonstrate that his counsel's performance was prejudicially deficient. In this instance, the fact that counsel objected only once at trial, failed to produce witnesses, and failed to move for a dismissal does not warrant a reversal. There has been no showing that counsel's errors, if any, were so serious as to deprive defendant of a fair trial.

Defendant was not denied effective assistance of counsel.

No error.

Judges WELLS and WHICHARD concur.