STATE OF NORTH CAROLINA, Plaintiff v. RANDY BASKIN, Defendant

No. COA07-832

(Filed 6 May 2008)

**1. Larceny; Possession of Stolen Property— two charges based on taking of same goods erroneous**

The trial court erred by entering judgment for both larceny and possession of stolen goods based on the taking of the same goods, and the conviction for possession of stolen goods is vacated.

**2. Criminal Law— judicial notice—codefendant's guilty plea—relevancy**

The trial court did not err in a breaking or entering a motor vehicle, larceny, possession of stolen goods, and habitual felon case by refusing to take judicial notice of a coparticipant's guilty plea because: (1) generally, it is improper to make reference to the disposition of charges against a codefendant, and the codefendant did not testify at defendant's trial; and (2) there was no relevance to defendant's trial of the guilty plea, and it is not proper to place irrelevant facts before a jury by judicial notice or otherwise. N.C.G.S. § 8C-1, Rule 201(a).

**3. Evidence— testimony—motion to recall officer—coparticipant's guilty plea—relevancy**

The trial court did not err in a breaking or entering a motor vehicle, larceny, possession of stolen goods, and habitual felon case by denying defendant's motion to recall an officer to testify regarding a coparticipant's guilty plea because: (1) the coparticipant's guilty plea was irrelevant in defendant's trial; and (2) defendant's motion was for the sole purpose of the officer testifying to irrelevant facts which he did not personally observe.

**4. Burglary and Unlawful Breaking or Entering; Motor Vehicles— felony breaking or entering a motor vehicle— motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of felony breaking or entering a motor vehicle because: (1) even if defendant is not observed entering a vehicle, defendant's unlawful possession of property which had been in the vehicle a short time before is sufficient to support an inference of entry, the intent to commit larceny may be inferred from the fact that defendant committed larceny, and a defendant's pos-

session of stolen goods soon after the theft is a circumstance tending to show him guilty of the larceny; and (2) the evidence was sufficient for the jury to find that defendant shared a common purpose with his coparticipant to open the door of a truck, reach inside to wrongfully take out the victim's satchel with the intent to deprive the victim of the satchel and its contents and appropriate them to defendant's own use, which in turn was sufficient to support a conviction for breaking or entering a motor vehicle with the intent to commit larceny therein.

**5. Aiding and Abetting— instruction—allegations not required in indictment**

The trial court did not abuse its discretion or commit plain error in a breaking or entering a motor vehicle case by instructing the jury on the theory of aiding and abetting because: (1) allegations of aiding and abetting are not required in an indictment since it is not a substantive offense but just a theory of criminal liability; (2) it is not necessary for any of the pertinent elements to be proven to the trial court beyond a reasonable doubt before the trial court may instruct on aiding and abetting, but there need only be evidence supporting the instruction with the jury determining whether the State has proved the elements beyond a reasonable doubt; and (3) all three elements of the aiding and abetting instruction were supported by the evidence.

**6. Sentencing— habitual felon—argument predicated on reversal of conviction**

Although defendant argues that his guilty plea to habitual felon status must be set aside if his conviction for felony breaking or entering a motor vehicle is set aside for the reasons set forth in his appeal, this assignment of error is dismissed because the Court of Appeals concluded all of defendant's assignments of error relating to the felony breaking or entering a motor vehicle conviction were without merit.

Appeal by defendant from judgment entered on or about 29 March 2007 by Judge Robert P. Johnston in Catawba County Superior Court. Heard in the Court of Appeals 12 December 2007.

*Attorney General Roy A. Cooper, III, by Associate Attorney General Catherine F. Jordan, for the State.*

*Richard Croutharmel, for defendant-appellant.*

STATE v. BASKIN

[190 N.C. App. 102 (2008)]

STROUD, Judge.

Defendant Randy Baskin appeals from judgment entered upon jury verdicts finding him guilty of breaking or entering a motor vehicle, larceny, possession of stolen goods, and upon his guilty plea to habitual felon status. Defendant contends that the trial court erred by: (1) entering judgment for both larceny and possession of stolen goods based on the taking of the same goods, (2) refusing to take judicial notice of Jay Henderson's guilty plea, (3) denying defendant's motion to recall Officer Blackwood to the witness stand, (4) denying defendant's motion to dismiss the charge of felony breaking or entering a motor vehicle, (5) instructing the jury on the theory of aiding and abetting, and (6) sentencing defendant as an habitual felon. After careful review of the record we conclude that the trial court did not err when it: (1) refused to take judicial notice of Jay Henderson's guilty plea, (2) denied defendant's motion to recall Officer Blackwood to the witness stand, (3) denied defendant's motion to dismiss the charge of felony breaking or entering a motor vehicle, and (4) sentenced defendant as an habitual felon. Defendant received a fair trial, free of reversible error as to the charges of felony breaking or entering a motor vehicle and larceny. Because defendant's assignment of error to his sentencing as an habitual felon was predicated on reversal of his conviction for felony breaking or entering a motor vehicle, we dismiss that assignment of error. However, we conclude that the trial court erred when it convicted defendant for possession of stolen goods. Accordingly, we vacate that conviction, and remand for resentencing.

## I. Background

At trial, the State's evidence tended to show the following: On 27 September 2004, Christopher Cook ("the victim"), parked a pick-up truck belonging to his mother, Verna Miller, at Main Event Billiards Hall ("Main Event") in Catawba County. While the truck was parked at Main Event, Jay Henderson opened the door of the truck and removed a black satchel belonging to the victim from the passenger side floorboard. Henderson, with the satchel slung over his shoulder, walked toward a white Pontiac. Henderson got into the passenger side of the Pontiac, which was hastily driven away from the scene by defendant. A friend of defendant, Judd, followed the Pontiac and got its license tag number. A few minutes later, the satchel was thrown out of the Pontiac into the middle of the road. Judd stopped to pick up the satchel and reported the crime to the police.

On 1 May 2006, the Catawba County Grand Jury indicted defendant for breaking or entering a motor vehicle, misdemeanor larceny, possession of stolen goods, and for attaining the status of habitual felon. Defendant was tried before a jury in Superior Court, Catawba County on 28 and 29 March 2007. On 29 March 2007, the jury found defendant guilty of breaking or entering a motor vehicle, larceny, and possession of stolen goods. Defendant plead guilty to attaining the status of habitual felon. Upon the jury verdict and defendant's guilty plea, the trial court sentenced defendant to 93 to 120 months in the North Carolina Department of Corrections. Defendant appeals.

## II. Larceny and Possession of Stolen Goods

**[1]** Defendant, citing *State v. Perry*, contends that "though a defendant may be indicted and tried on charges of larceny . . . and possession of [stolen goods for] the same property, he may be convicted of only one of those offenses." 305 N.C. 225, 236-37, 287 S.E.2d 810, 817 (1982). The State concedes that the trial court erred when it convicted defendant for possession of the same goods for which defendant was convicted of larceny. Accordingly, we vacate defendant's conviction for possession of stolen goods.

## III. Felony Breaking or Entering a Motor Vehicle

### A. Co-defendant's Guilty Plea

**[2]** Defendant next assigns error to the trial court's denial of his motion to take judicial notice of the guilty plea of Jay Henderson. Defendant contends that "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." N.C. Gen. Stat. § 8C-1, Rule 201(d). The State contends that Henderson's guilty plea was irrelevant in defendant's trial and was properly excluded. We agree with the State.

The scope of Rule 201 is expressly limited to *adjudicative* facts. N.C. Gen. Stat. § 8C-1, Rule 201(a). "Adjudicative facts are facts that are *relevant* to a determination of the claims presented in a case." *Dippin' Dots, Inc. v. Frosty Bites Distribution*, 369 F.3d 1197, 1204 (11th Cir. 2004) (emphasis added) (applying Fed. R. Evid. 201), *cert. denied*, 543 U.S. 1054, 160 L. Ed. 2d 777 (2005); *State v. Morrison*, 84 N.C. App. 41, 48, 351 S.E.2d 810, 814 ("As our rules are based on the Federal Rules of Evidence, we turn for guidance to decisions of the federal courts which address this issue."), *cert. denied*, 319 N.C. 408, 354 S.E.2d 724 (1987).

Generally, "it is improper to make reference to the disposition of charges against a codefendant." *State v. Campbell*, 296 N.C. 394, 399, 250 S.E.2d 228, 230 (1979); *see also State v. McCullough*, 50 N.C. App. 184, 188, 272 S.E.2d 613, 616 (1980) ("[T]he acquittal of third persons arrested with the accused for the crime is not relevant evidence at defendant's trial.") Defendant contends that *State v. Rothwell* recognized an exception to this rule, stating "if a *testifying* co-defendant's guilty plea is introduced for a *legitimate* purpose, it is proper to admit it." 308 N.C. 782, 786, 303 S.E.2d 798, 801 (1983) (emphasis in original). *Rothwell*, however, held that admission of evidence that co-defendant pled guilty was *error* but that it did not prejudice the defendant. *Id.* at 786-87, 303 S.E.2d at 801-02. In so holding, *Rothwell* distinguished *State v. Potter*, 295 N.C. 126, 136, 244 S.E.2d 397, 404 (1978), which held that if a co-defendant's credibility has been attacked, evidence of the testifying co-defendant's guilty plea is admissible to bolster his credibility. *Rothwell*, 308 N.C. at 786, 303 S.E.2d at 801-02; *Potter*, 295 N.C. at 136, 244 S.E.2d at 404.

Defendant's reliance on *Rothwell* is misplaced. We perceive no relevance to defendant's trial of the guilty plea of Jay Henderson, who unlike the co-defendant in *Potter* did not testify at defendant's trial. It is not proper to place irrelevant facts before a jury, by judicial notice or otherwise. *See* N.C. Gen. Stat. § 8C-1, Rule 402 ("Evidence which is not relevant is not admissible."); *see also United States v. Wolny*, 133 F.3d 758, 765 (10th Cir. 1998) (holding that the trial court did not err by refusing to take judicial notice of irrelevant information). Accordingly, we decline defendant's invitation to expand the *Rothwell/Potter* exception on the facts *sub judice*. The trial court's denial of defendant's motion to take judicial notice of Jay Henderson's guilty plea was not error.

[3] Defendant next assigns error to the trial court's denial of his motion to recall Officer Blackwood to testify regarding Henderson's guilty plea. Defendant relies on *Washington v. Texas*, 388 U.S. 14, 18 L. Ed. 2d 1019 (1967), to contend that the trial court violated his federal constitutional right to compulsory process. We disagree.

*Washington* held that the right to compulsory process was violated when the defendant was "*arbitrarily* denied . . . the right to put on the stand a witness who was physically and mentally capable of testifying to events that he had *personally observed*, and whose testimony would have been *relevant* and material to the defense." *Washington*, 388 U.S. at 23, 18 L. Ed. 2d at 1025 (emphasis added). Because the holding of *Washington* was grounded in the arbitrary

denial of the right to put on a witness, *id.*, it is not contrary to our set-tled law that "the trial court has the discretion to allow either party to recall witnesses to offer additional evidence," *State v. Goldman*, 311 N.C. 338, 350, 317 S.E.2d 361, 368 (1984), which will not be disturbed on appeal unless the trial court's discretion is exercised arbitrarily or without reason, *id.*; *see also State v. Bagley*, 183 N.C. App. 514, 524, 644 S.E.2d 615, 622 (2007) (defining abuse of discretion).

We concluded *supra* that Henderson's guilty plea was irrelevant in defendant's trial. Further, when defendant's motion to recall Officer Blackwood for the sole purpose of testifying to Henderson's guilty plea was heard at trial, the trial court directly asked defense counsel, "[W]hat would the officer's testimony be? Would it be some-thing that he observed?" Defense counsel responded, "It would be nothing that the officer observed." Because defendant's motion to recall Officer Blackwood to the witness stand was for the sole pur-pose of Officer Blackwood testifying to irrelevant facts which he had not personally observed, we conclude that the trial court did not deny his motion arbitrarily or without reason. This assignment of error is without merit.

B. Motion to Dismiss

[4] Defendant contends that "[s]ince the State failed to prove th[e] essential element [that defendant broke or entered the vehicle] beyond a *reasonable doubt*, the law . . . required the trial court to grant [d]efendant's motion to dismiss. (Emphasis added.) Defendant further relies on a *dissent* from over 80 years ago to contend "that where the State relies for a conviction upon circumstantial evidence alone, the facts established or adduced on the hearing must . . . exclude every rational hypothesis of innocence." *State v. Melton*, 187 N.C. 481, 483, 122 S.E. 17, 18 (1924) (Stacy, J., concurring in the find-ing of error and in the grant of a new trial for the reasons cited by the Court, but dissenting on the grounds that the proper outcome was for the charges to be dismissed for insufficient evidence). Defendant offers two hypotheses of innocence and reasons "the State's evidence did not exclude every rational hypothesis of innocence as *Melton* requires [therefore] the trial court should have granted [d]efendant's motion to dismiss[.]" We disagree with defendant.[1]

---

1. Even if defendant's statement of the law from *Melton* was correct in 1924, it has not been for at least fifty years. *State v. Stephens*, 244 N.C. 380, 383-84, 93 S.E.2d 431, 433 (1956) ("To hold that the court must grant a motion to dismiss unless, in the opin-ion of the court, the evidence excludes every reasonable hypothesis of innocence would in effect constitute the presiding judge the trier of the facts. Substantial evi-

We first note that consideration of a motion to dismiss a criminal charge is not based on evidence beyond a reasonable doubt. Rather, a motion to dismiss must be denied "when viewed in the light most favorable to the State and giving the State every reasonable inference therefrom, there is *substantial evidence* to support a jury finding of each essential element of the offense charged and of defendant's being the perpetrator of such offense." *Bagley*, 514 N.C. App. at 522-23, 644 S.E.2d at 623 (internal citations and quotation marks omitted) (emphasis added). Conversely, "if the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion should be allowed." *State v. Blizzard*, 169 N.C. App. 285, 289, 610 S.E.2d 245, 249 (2005) (citation and internal quotation marks omitted).

On review of the denial of a motion to dismiss, this Court is "concerned only about whether the evidence is sufficient for jury consideration, not about the weight of the evidence." *State v. Fritsch*, 351 N.C. 373, 379, 526 S.E.2d 451, 456, *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000).

> The test for sufficiency of the evidence is the same whether the evidence is direct or circumstantial or both. *Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence.* If the evidence presented is circumstantial, the court must consider whether a reasonable inference of defendant's guilt may be drawn from the circumstances. Once the court decides that a reasonable inference of defendant's guilt may be drawn from the circumstances, then *it is for the jury to decide* whether the facts, taken singly or in combination, satisfy it beyond a *reasonable doubt* that the defendant is actually guilty.

*Fritsch* at 379, 526 S.E.2d at 455. (internal citations, brackets, quotation marks and emphasis in original omitted) (emphasis added).

The essential elements of N.C. Gen. Stat. § 14-56 relevant to the case *sub judice* are: (1) breaking or entering a motor vehicle, (2) with the intent to commit larceny therein. N.C. Gen. Stat. § 14-56 (2003);

dence of guilt is required before the court can send the case to the jury. Proof of guilt beyond a reasonable doubt is required before the jury can convict. What is substantial evidence is a question of law for the court. What that evidence proves or fails to prove is a question of fact for the jury.").

*see also State v. Harrington*, 15 N.C. App. 602, 604, 190 S.E.2d 280, 281 (1972).

> Breaking is defined as any act of force, however slight, employed to effect an entrance through any usual or unusual place of ingress, whether open, partly open, or closed. A breaking may be actual or constructive. A defendant has made a constructive breaking when another person who is acting in concert with the defendant actually makes the opening. Acting in concert means that the defendant is present at the scene of the crime and acts together with another who does the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime.

*State v. Graham*, 186 N.C. App. 182, 196-97, 650 S.E.2d 639, 649 (2007) (citations, ellipses and quotation marks omitted). Inserting an arm through a door or window is sufficient to constitute entering. *State v. Yarborough*, 55 N.C. App. 52, 56, 284 S.E.2d 550, 552 (1981). Even if defendant is not observed entering the vehicle, defendant's unlawful possession of property which had been in the vehicle a short time before is sufficient to support an inference of entry. *State v. Durham*, 74 N.C. App. 201, 203-04, 328 S.E.2d 304, 306 (1985).

Larceny is "a wrongful taking and carrying away of the personal property of another without his consent with intent to deprive the owner of his property and to appropriate it to the taker's use fraudulently." *State v. Carswell*, 296 N.C. 101, 103, 249 S.E.2d 427, 428 (1978) (citation, ellipses and quotation marks omitted). "Intent is a mental attitude seldom provable by direct evidence. It must ordinarily be proved by circumstances from which it may be inferred." *State v. Bell*, 285 N.C. 746, 750, 208 S.E.2d 506, 508 (1974).

"[T]he intent to commit larceny may be inferred from the fact that defendant committed larceny." *State v. Thompkins*, 83 N.C. App. 42, 43, 348 S.E.2d 605, 606 (1986). Further, "[a] defendant's possession of stolen goods soon after the theft is a circumstance tending to show him guilty of the larceny." *State v. Greene*, 30 N.C. App. 507, 511, 227 S.E.2d 154, 156 (1976).

Viewing the evidence in the light most favorable to the State in the case *sub judice*, we find the victim testified that he had left his satchel in the floorboard of his mother's truck. Officer Blackwood positively identified Henderson as the person in the passenger seat and defendant as the person in the driver's seat of the Pontiac when

it was parked near Main Event shortly before the incident. Judd testified that he had seen the dome light of the truck on and a man wearing a baseball cap carrying the satchel towards a white Pontiac. The man carrying the satchel entered the passenger side of the Pontiac. The Pontiac was hastily driven away from the scene. Judd followed the Pontiac and observed the satchel being thrown from the window. This evidence was sufficient for the jury to find that defendant shared a common purpose with Jay Henderson to open the truck, reach inside to wrongfully take out the victim's satchel with the intent to deprive the victim of the satchel and its contents and appropriate them to defendant's own use, which in turn was sufficient to support a conviction for breaking or entering a motor vehicle with the intent to commit larceny therein. This assignment of error is without merit.

C. Jury Instructions

**[5]** Defendant contends that the trial court committed plain error when it instructed the jury on the theory of aiding and abetting. In sum, he argues that when two co-defendants are accused of a crime and they are prosecuted in separate trials, one of them must be indicted as the principal and the other indicted for aiding and abetting, and the guilt of the principal must be established beyond a reasonable doubt before the jury can be instructed on a theory of aiding and abetting in the trial of the person accused of aiding and abetting. We disagree.

Defendant's somewhat confusing argument appears to rely on *State v. Cassell*, 24 N.C. App. 717, 212 S.E.2d 208, *cert. denied and appeal dismissed*, 287 N.C. 261, 214 S.E.2d 433 (1975), to argue that where a criminal defendant is not indicted on the theory of aiding and abetting, he may not be convicted of aiding and abetting. However, "[b]ecause aiding and abetting is not a substantive offense but just a theory of criminal liability, allegations of aiding and abetting are not required in an indictment[.]" *State v. Madry*, 140 N.C. App. 600, 602, 537 S.E.2d 827, 829 (2000); *see also State v. Leggett*, 135 N.C. App. 168, 176, 519 S.E.2d 328, 334 (1999) ("Because only the co-defendants know who actually fired the fatal shots at each victim, it was appropriate for the State to argue alternative but not mutually inconsistent theories at different trials."), *disc. review denied and appeal dismissed*, 351 N.C. 365, 542 S.E.2d 650 (2000).

Defendant further cites *State v. Woods*, 307 N.C. 213, 218, 297 S.E.2d 574, 577 (1982), for the proposition that the State must prove the principal's guilt beyond a reasonable doubt before the jury may be

instructed on aiding and abetting at the trial of the co-defendant. However, on careful reading of *Woods*, we conclude that the question before the North Carolina Supreme Court was whether there was sufficient evidence to survive a motion to dismiss and submit the case to the jury on the theory of accessory before the fact. *Id.* at 217-18, 297 S.E.2d at 577-78. *Woods* held that the principal's admission that he was in fact the principal was sufficient evidence to survive the motion to dismiss on the element "that the principal had committed the offense." *Id.* at 218, 297 S.E.2d at 577-78. However, *Woods* does not suggest that the State was required to establish the guilt of the principal beyond a reasonable doubt in order for the trial court to instruct the jury on the theory of accessory before the fact, or the theory of aiding and abetting. *See id.*

"This Court reviews jury instructions only for abuse of discretion. Abuse of discretion means manifestly unsupported by reason or so arbitrary that [the instructions] could not have been the result of a reasoned decision." *Bagley*, 183 N.C. App. at 520, 644 S.E.2d at 622 (internal citations, ellipses and quotation marks omitted). Our task therefore is to determine whether or not there was evidence to support the jury instructions. *Id.*; *State v. Brown*, 80 N.C. App. 307, 311, 342 S.E.2d 42, 44 (1986) ("It is generally error, prejudicial to defendant, for the trial court to instruct the jury upon a theory of a defendant's guilt which is not supported by the evidence.").

An instruction on aiding and abetting is supported by the evidence if there is evidence: "(1) that the crime was committed by another; (2) that the defendant knowingly advised, instigated, encouraged, procured, or aided the other person; and (3) that the defendant's actions or statements caused or contributed to the commission of the crime by the other person." *State v. Bond*, 345 N.C. 1, 24, 478 S.E.2d 163, 175 (1996), *cert. denied*, 521 U.S. 1124, 138 L. Ed. 2d 1022 (1997); *see also State v. Beach*, 283 N.C. 261, 269, 196 S.E.2d 214, 220 (1973) ("The fact that one mistakenly supposed to have committed a crime was tried therefor and acquitted does not affect the guilt of one proven to have been present aiding and abetting, so long as it is established that the crime was committed by someone." (Citation and quotation marks omitted.)), *overruled on other grounds, State v. Adcock*, 310 N.C. 1, 33, 310 S.E.2d 587, 605-06 (1984); *State v. Cassell*, 24 N.C. App. 717, 722, 212 S.E.2d 208, 212 (1975). It is not necessary for any of those elements to be proven to the trial court beyond a reasonable doubt before the trial court may instruct on aiding and abetting; there needs only to be evidence supporting the instructions, and the jury is

to determine whether the State has proved the elements beyond a reasonable doubt. *Bagley*, 183 N.C. App. at ——, 644 S.E.2d at 622.

In the case *sub judice*, there was evidence before the trial court that Jay Henderson committed a crime when he broke into the victim's mother's truck and stole the victim's satchel. This evidence supports an instruction on the first element of aiding and abetting. There was also evidence that defendant hastily drove away from the scene with Henderson in the passenger seat, holding victim's satchel. This evidence supports a conclusion that defendant aided Henderson in the theft of the victim's satchel and contributed to the commission of the crime, the second and third elements of aiding and abetting. Because all three elements of the aiding and abetting instruction were supported by evidence, we conclude that the trial court did not abuse its discretion, and therefore did not err, when it instructed the jury on the theory of aiding and abetting.

In sum, we conclude that all of defendant's assignments of error to his conviction for felony breaking or entering a motor vehicle are without merit.

## IV. Habitual Felon

[6] Finally, defendant argues that if his conviction for felony breaking or entering a motor vehicle is set aside for the reasons set forth in his appeal, defendant's guilty plea to habitual felon status must also be set aside. Because we concluded that all of defendant's assignments of error to his conviction for felony breaking or entering a motor vehicle were without merit, we dismiss this assignment of error.

## V. Conclusion

For the foregoing reasons, we conclude that the trial court did not err when it: (1) refused to take judicial notice of Jay Henderson's guilty plea, (2) denied defendant's motion to recall Officer Blackwood to the witness stand, (3) denied defendant's motion to dismiss the charge of felony breaking or entering a motor vehicle, and (4) sentenced defendant as an habitual felon. Defendant received a fair trial, free of reversible error as to the charges of felony breaking or entering a motor vehicle and larceny. Because defendant's assignment of error to his sentencing as an habitual felon was predicated on reversal of his conviction for felony breaking or entering a motor vehicle, we dismiss that assignment of error. However, we conclude that the trial court erred when it convicted defendant for posses-

sion of stolen goods. Accordingly, we vacate that conviction and remand for resentencing.

No error in part, vacate in part, remand for resentencing.

Judges HUNTER and CALABRIA concur.