An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-4

Filed: 15 September 2015

New Hanover County, No. 13 CRS 055297

STATE OF NORTH CAROLINA

v.

CALVIN DEMETRIUS THOMPSON, Defendant.

Appeal by defendant from judgments entered 31 July 2014 by Judge Arnold O. Jones in New Hanover County Superior Court. Heard in the Court of Appeals 11 August 2015.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Belinda A. Smith, for the State.*

> *Dunn, Pittman, Skinner & Cushman, PLLC, by Rudolph A. Ashton, III, for defendant-appellant.*

BRYANT, Judge.

Where the evidence taken in the light most favorable to the State was such that a jury could reasonably find that defendant aided and abetted in a burglary, defendant's motion to dismiss for insufficiency of the evidence was properly denied. Where the trial court conducted a Rule 403 balancing test and found that a Facebook

posting by defendant was more probative than prejudicial, the trial court did not abuse its discretion in the admission of that evidence.

On 12 August 2013, defendant Calvin Demetrius Thompson was indicted on charges of second-degree burglary, felony larceny, possession of stolen goods, injury to real property, the resist, delay, or obstruct of an officer, and driving while license revoked. A superseding indictment for the same charges was entered 9 September 2013. The charges came on for trial during the 28 July 2014 criminal session of Superior Court, the Honorable Arnold O. Jones, Judge presiding. At trial, the State's evidence tended to show the following.

During the evening and early morning hours of 23—24 June 2013, Tyson Amick and his fiancé observed a car driving slowly down the street with its headlights turned off. After observing the car, a Jeep Cherokee, make a third slow pass down the road and stop in front of a neighbor's, Mr. Spangler's, house, Amick called 911 to report the activity as suspicious. After the car stopped in front of Spangler's house, Amick watched people exit the car. As the car slowly drove away down the street, Amick "noticed what seemed to be activity coming from the interior of the residence [of Spangler's house]." After a few minutes, Amick watched five individuals exit the house and walk past his house; Amick described the individuals as "carrying several objects," including a flat-screen TV and "garbage bags that had been filled with

stuff[.]"  The car returned and stopped in front of Amick's house where it picked up the individuals and the items before slowly driving off.

As the car drove away, Amick flagged down a police car responding to his earlier 911 call.  After pointing out the departing car's taillights to the police officer, Officer Creech, Amick stated that Officer Creech "immediately drove away" in pursuit of the car.

Officer Creech testified that after he caught up to the car Amick had pointed out to him, it took "about seven blocks" for the car to stop.  Upon stopping the car, Officer Creech observed six occupants in the vehicle, including an individual laying down on top of a large flat-screen TV in the back of the vehicle.  Three individuals sitting in the car's back seats were observed holding a small TV and a black bag.  The driver of the car identified himself as Aaron Edge and told Officer Creech that he did not have a driver's license.  Additional police officers arrived to assist Officer Creech at this time, and one officer identified the driver of the car as defendant.  A computer search by Officer Creech determined that Aaron Edge was a fictitious name and that defendant was in fact the driver of the car.

While Officer Creech processed defendant and the other individuals in the car, Corporal Willet went to Spangler's house and determined that the house had been broken into. Officer Creech placed defendant and the other occupants of the car under

arrest. Corporal Willet later contacted Mr. Spangler and confirmed that the items seized from defendant's car had been taken from Spangler's house.

Prior to the trial commencing, the State dismissed the charge of driving while license revoked. At the close of the State's evidence, defendant moved to dismiss all charges; the trial court granted the motion for the charge of resisting arrest only.

On 31 July 2014, a jury convicted defendant of second-degree burglary, felony larceny, possession of stolen goods, and injury to real property. Defendant was sentenced to a term of 15 to 27 months for second-degree burglary, a consecutive term of 9 to 20 months for felony larceny, and a term of 120 days for injury to real property. Judgment was arrested for possession of stolen goods. Defendant appeals.

_____

Defendant raises three issues on appeal as to whether the trial court erred (I) in denying defendant's motion to dismiss, (II) in allowing the prosecutor to cross-examine defendant about a Facebook posting, and (III) in failing to dismiss defendant's charges because of a faulty indictment.

*I.*

Defendant argues that the trial court erred in denying his motion to dismiss. We disagree.

> Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the

perpetrator of such offense. If so, the motion is properly denied. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. We view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve.

*State v. Parlee*, 209 N.C. App. 144, 146, 703 S.E.2d 866, 869 (2011) (citations and quotations omitted).

Defendant contends the trial court erred in denying his motion to dismiss the charges of second-degree burglary, felony larceny, and injury to real property for insufficiency of the evidence, "even upon the theory of aiding and abetting."

To pursue a charge based on the theory of aiding and abetting, the State must present evidence "(1) that the crime was committed by another; (2) that the defendant knowingly advised, instigated, encouraged, procured, or aided the other person; and (3) that the defendant's actions or statements caused or contributed to the commission of the crime by the other person." *State v. Marion*, ___ N.C. App. ___, ___, 756 S.E.2d 61, 68 (2014) (quoting *State v. Bond,* 345 N.C. 1, 24, 478 S.E.2d 163, 175 (1996)).

> A person may be guilty as an aider and abettor if that person . . . accompanies the actual perpetrator to the vicinity of the offense and, with the knowledge of the actual perpetrator, remains in that vicinity for the purpose of aiding and abetting in the offense and sufficiently close to the scene of the offense to render aid in its commission, if needed, or to provide a means by which the actual

> perpetrator may get away from the scene upon the completion of the offense.

*State v. Pryor,* 59 N.C. App. 1, 7, 295 S.E.2d 610, 615 (1982) (citation and quotation omitted). Indeed,

> [i]t is not necessary for any of those elements to be proven to the trial court beyond a reasonable doubt before the trial court may instruct on aiding and abetting; there needs only to be evidence supporting the instructions, and the jury is to determine whether the State has proved the elements beyond a reasonable doubt.

*State v. Baskin,* 190 N.C. App. 102, 111—12, 660 S.E.2d 566, 573—74 (2008) (citation omitted).

The State's evidence against defendant included the testimony of eyewitness Amick who stated that defendant drove his car slowly, with the headlights turned off, up and down the street multiple times, and that the individuals who burglarized Spangler's house were let out of defendant's car in front of Spangler's house and then picked up by defendant (while carrying items taken from the Spangler residence) a short time later. Defendant contends his trial testimony, as well as that of a co-defendant, Michael Vann, showed no express agreement by defendant to commit robbery; however, notwithstanding defendant's evidence to the contrary, the State's evidence was sufficient for a jury to find defendant committed the offenses charged. *See, e.g., State v. Scott*, 356 N.C. 591, 596, 573 S.E.2d 866, 869 (2002) ("In reviewing challenges to the sufficiency of evidence, we must view the evidence in the light most

favorable to the State, giving the State the benefit of all reasonable inferences. Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve. . . . [T]he defendant's evidence should be disregarded unless it is favorable to the State or does not conflict with the State's evidence. The defendant's evidence that does not conflict may be used to explain or clarify the evidence offered by the State." (citations and quotation omitted)). Therefore, regardless, "[w]hen ruling on a motion to dismiss, the trial court should be concerned only about whether the evidence is sufficient for jury consideration, not about the weight of the evidence." *Id.; see also Parlee*, 209 N.C. App. at 146, 703 S.E.2d at 869 (in reviewing a motion to dismiss for insufficiency of the evidence, only evidence favorable to the State is to be considered). As such, defendant's argument is overruled.

*II.*

Defendant contends the trial court erred in allowing the prosecutor to cross-examine him about a Facebook posting. We disagree.

Pursuant to Rule 403 of the North Carolina Rules of Evidence, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C. Gen. Stat. § 8C-1, Rule 403 (2013). We review a trial

court's Rule 403 ruling for abuse of discretion. *State v. Beckelheimer*, 366 N.C. 127, 130, 726 S.E.2d 156, 159 (2012).

Defendant testified on his own behalf during the trial. On cross-examination, the State, as part of its case against defendant as a knowing participant in the robbery, sought to question defendant about a posting on defendant's Facebook page. Defendant's posting was as follows: "Snitching at an all time high I just got back from court YO N****Z SNITCHING. . . .!!!!"[1]  Defendant objected and sought to suppress evidence regarding the posting.  During *voir dire*, the State argued that the posting was relevant because it was posted on the same date as defendant's earlier court date and referenced a conversation defendant had that day with a co-defendant, Michael Vann, who had agreed to testify as a witness for the State in the instant case.  The trial court, after hearing the arguments of counsel, denied defendant's motion to suppress the posting, noting that:

> The jury can hear it, find what they want to, they are the finders of fact.
>
> . . .
>
> I'm going to find that it is relevant pursuant to Rule 401. That in weighing the prejudicial effect or any potential prejudicial effect as to relevance through the factors contained in [Rule] 403 that it is admissible for the course of this trial, for the purposes of this trial.

---

[1] We note that in the transcript, defendant's posting was read by defendant into court as "Snitchin is at an all time high.  I just got back from court.  Yo, n****** are snitchin."

Because the trial court conducted a balancing test under Rule 403 and determined that the probative value of defendant's Facebook posting outweighed its prejudicial effect, we cannot say that the trial court abused its discretion in permitting the State to cross-examine defendant about this posting. *See State v. Washington*, 141 N.C. App. 354, 367, 540 S.E.2d 388, 397—98 (2000) (the trial court did not abuse its discretion in admitting evidence where the court conducted a balancing test under Rule 403 and found that the probative value of the evidence outweighed its prejudicial effect); *see also State v. Spellman*, No. COA13-1192, 2014 N.C. App. LEXIS 689 (Apr. 8, 2014) (finding no abuse of discretion by the trial court in admitting into evidence the defendant's "About Me" statement on her Facebook page).

Defendant further argues that even if the Facebook posting was relevant evidence, "the relevancy was substantially outweighed by prejudice to [him]." Defendant's argument must fail for, as discussed above, the trial court did not abuse its discretion in conducting a Rule 403 balancing test and concluding that the posting was admissible. Moreover, although defendant contends the posting "had nothing to do with whether he was driving the car as an aider and abettor[,]" the evidence concerning the posting—that defendant made this posting the same day that he spoke to one of his co-defendants in court and that co-defendant admitted to defendant that he would be testifying as part of a plea deal with the State—supported the trial court's

determination that the posting was both relevant and more probative than prejudicial to the instant matter. Accordingly, defendant's argument is overruled.

*III.*

Defendant argues that the trial court erred in failing to dismiss defendant's charges because of a faulty indictment, and that although this issue was never raised before the trial court, we should review it based on plain error. Specifically, defendant contends the charges should have been dismissed "because the indictment failed to charge [him] with aiding and abetting said crimes." We decline to do so, for it is well-established by our Courts that "plain error review in North Carolina is . . . limited to instructional and evidentiary error." *State v. Lawrence*, 365 N.C. 506, 516, 723 S.E.2d 326, 333 (2012) (citation omitted). Therefore, defendant is not entitled to plain error review of this issue.

We further note that defendant, in his brief to this Court, requests that we "re-visit [our] position on the exclusion of aiding and abetting in an indictment[,]" arguing that his indictment was insufficient because it failed to charge defendant with aiding and abetting. Defendant's request must be denied, for it is well-established by this Court that "[b]ecause aiding and abetting is not a substantive offense but just a theory of criminal liability, allegations of aiding and abetting are not required in an indictment[.]" *Baskin*, 190 N.C. App. at 110, 660 S.E.2d at 573 (quoting *State v.*

*Madry*, 140 N.C. App. 600, 602, 537 S.E.2d 827, 829 (2000)). Defendant's argument is, therefore, dismissed.

NO ERROR.

Judges STEPHENS and DIETZ concur.

Report per Rule 30(e).